IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ARNOLDO FLORES | § | |
| VS. | § | CIVIL ACTION NO. 1:12cv327 |
| UNITED STATES OF AMERICA | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING
### THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Arnoldo Flores, an inmate confined at the United States Penitentiary in Tucson, Arizona, proceeding *pro se*, brought this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the motion be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Movant filed objections to the Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes movant's objections should be overruled. Movant attempts to assert a claim based on the Supreme Court ruling in *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S.Ct. 2577 (2010), arguing he is entitled to equitable tolling based on the ruling by the Fourth Circuit Court of Appeals in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). The cases on which movant relies, however, do not apply retroactively to cases on collateral

review. *See United States v. Powell*, 691 F.3d 554, 556-60 (4th Cir. 2012). While the statutory limitations period is subject to equitable tolling, movant has failed to show exceptional circumstances prevented him from timely filing his motion to vacate. *See Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549 (2010). Accordingly, movant's motion to vacate is barred by limitations.

Assuming, *arguendo*, movant's claims are not barred by limitations, the claims are without merit. Alleged misapplications of the Sentencing Guidelines are not cognizable in § 2255 motions. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

Furthermore, movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

O R D E R

Accordingly, movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **2** day of **May, 2013.**

_____
Ron Clark, United States District Judge